UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHNSON, | No. C 11-6693 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| RANDY GROUNDS, Warden; et al., | |
| Defendants. | |

## INTRODUCTION

William Johnson, an inmate at the Correctional Training Facility in Soledad, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Johnson alleges the following about the response of prison medical staff to his medical needs: Johnson is a diabetic who has peripheral neuropathy, for which he was prescribed a medication called gabapentin. He took gabapentin for about ten years. On April 4, 2011, he was informed that the gabapentin prescription had been stopped. He was not examined by a doctor before the gabapentin prescription was stopped. Johnson informed medical staff that he could not take Tylenol or Motrin, and was allergic to all other "inhibitors." Docket # 1, p. 8. Johnson submitted health care services request forms (known as CDC-7362 forms), asking to see a doctor, asking that the gabapentin be started again, and complaining of

1 his pain and resulting sleep difficulties. Johnson also filed inmate appeals. A second level 2 response to his inmate appeal stated that Dr. Sepulveda had reviewed his medical files. "Dr. 3 Sepulveda determined that Gabapentin does not have a good medical indication for treatment 4 of neuropathy. Therefore, it was removed [from] CDCR formulary per Pharmacy and Therapy 5 Committee. Plaintiff's inmate appeal was denied." Docket # 1, p. 8.

6 In his complaint, Johnson requests damages, as well as declaratory and injunctive relief. 7 *See id.* at 10.

## DISCUSSION

A. <u>Review of the Complaint</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Liberally construed, the complaint states a § 1983 claim against Dr. Sepulveda for

deliberate indifference to Johnson's serious medical needs. Dr. Sepulveda allegedly made the decision to discontinue the gabapentin that had been prescribed for Johnson for about a decade.

The complaint does not, however, state a § 1983 claim against any of the other defendants. Nurse Gultia and nurse Hart are listed as defendants, but there are no allegations that either of them had anything to do with Johnson's medical care. Johnson also named prison chief executive officer Ellis, but there are no allegations that he had anything to do with Johnson's medical care. And Johnson named warden Grounds as a defendant, but he alleged only that the warden was legally responsible for the operation of the prison and the welfare of inmates at the prison – allegations that are not sufficient to state a claim against the warden. Docket # 1, p. 6. He has not stated a claim against any of those four defendants.

In his amended complaint, Johnson must allege facts showing the basis for liability for each individual defendant he proposes to hold liable. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Johnson is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). As to supervisors, a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *see also Preschooler II v. Davis*, 479 F.3d 1175, 1183 (9th Cir. 2007).

/ / /

/ / /

B. <u>Request for TRO and Preliminary Injunction</u>

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).[1] A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting).

Johnson has filed a request for an expedited hearing, a temporary restraining order and a preliminary injunction. (Docket # 3.) The request is DENIED. It is unnecessary to hold an expedited hearing because the substantive standards for a TRO and preliminary injunction have not been satisfied.[2]

The evidence in the record indicates that it is unlikely that Johnson will succeed on the

---

[1] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). *Winter* did not, however, completely reject the validity of the sliding scale approach to preliminary injunctions. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). Under the "sliding scale" approach used in the Ninth Circuit – also dubbed the "serious question" test in *Alliance for Wild Rockies* -- "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131. Thus, even after *Winter*, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132 (citations and internal quotation marks omitted).

[2] A preliminary injunction cannot be granted for the separate procedural reason that the opponent has not been served with process and has not received notice.

4

merits. The "deliberate indifference" element of an Eighth Amendment claim is difficult to satisfy, as it requires proof that a defendant know of and disregard a substantial risk of serious harm to inmate health. *See Farmer*, 511 U.S. at 837. The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he or she must actually draw that inference. *Id.* The evidence suggests that the decision to stop the gabapentin was a considered one, rather than an arbitrary one, as the gabapentin was removed from the formulary by a committee decision allegedly because the gabapentin was determined not to have a good medical indication for treatment of neuropathy. Moreover, although the gabapentin was stopped, the medication list attached to the complaint indicates that Johnson's dosage of gabapentin was tapered off rather than abruptly stopped. *See* Docket # 1, pp. 33-34.[3] Johnson apparently was prescribed another medication for his pain. He states that he recently was prescribed nortriptyline, and that provides him "some relief from the numbness, burning feeling in his legs," although he continues to have discomfort. Docket # 3, p. 3. A mere difference of opinion as to which medically acceptable course of treatment should be followed does not establish deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Where doctors have chosen one course of action and a prisoner-plaintiff contends that they should have chosen another course of action, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, . . . and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted). The record now before the court indicates that the gabapentin was stopped because CDCR medical care decision-makers chose to take gabapentin off the formulary for medical reasons and not due to a prison official's deliberate indifference to Johnson's pain. Johnson has fallen far short of showing a likelihood of success on a claim that prison officials acted with deliberate indifference in stopping the gabapentin. This is not to say that Johnson has zero chance of succeeding in this

---

[3] The medication list shows a plan to taper the dosage of gabapentin. The medication list is of limited value otherwise, however, as it appears to be parts of two different documents. Exhibit E to the complaint is indicated to be an 8-page document, but only four pages have been provided, and the two pages identified as "Page 4" have different printed text on them.

5

action; it may be that, during the course of the litigation, Johnson can develop evidence that the discontinuance of the gabapentin was medically unacceptable and done in conscious disregard of an excessive risk to his health and therefore prevail on his Eighth Amendment claim. As of today, however, the record does not show a likelihood of success. Where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **May 31, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Therefore, if he files an amended complaint, plaintiff should repeat the allegations against defendant Sepulveda, as well as curing the defects with regard to the other defendants. Failure to file the amended complaint by the deadline will result in the dismissal of the action as to all defendants except defendant Sepulveda.

IT IS SO ORDERED.

Dated: April 23, 2012

_____
SUSAN ILLSTON
United States District Judge

6