UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. SEPULVEDA,<br><br>　　　　Defendant. | Case No.  11-cv-06693-JST (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 20 |

Plaintiff, a California prisoner proceeding pro se and currently incarcerated at Folsom State Prison, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights when he was incarcerated at the Correctional Training Facility ("CTF"). Plaintiff alleges that former CTF Chief Medical Officer, Michael Sepulveda, M.D. ("defendant"), was deliberately indifferent to a serious medical need when he denied plaintiff's administrative grievance requesting a continuation of plaintiff's Gabapentin prescription for the treatment of pain.

Now before the Court is defendant's motion for summary judgment. Plaintiff did not file any opposition to the motion, and the deadline by which to do so has passed.

## **FACTUAL BACKGROUND**[1]

Plaintiff claims to suffer from peripheral neuropathy, a condition that causes chronic pain and discomfort in his legs and feet. (Dkt. No. 3 at ¶ 4.) Plaintiff was prescribed Gabapentin to treat his pain. (Dkt. No. 1 at ¶ 9.) Gabapentin is an anti-epileptic medication, but it has also been prescribed in the past as an off-label (non-FDA approved) drug to treat neuropathic pain. (Dkt. No. 22 at ¶ 8.) On February 9, 2011 a directive issued by the Pharmacy and Therapeutics

---

[1] The following facts, unless otherwise noted, are undisputed.

1   Committee ("PTC") of the California Department of Corrections and Rehabilitation ("CDCR")

2   went into effect, restricting the use of Gabapentin and requiring "CDCR physicians to discontinue

3   prescribing Gabapentin for the off-label use of treating peripheral neuropathy unless they made an

4   evidentiary showing that (1) an inmate patient actually had objective evidence of a neuropathy and

5   (2) the patient had failed other treatment such as a trial of formulary medications."  (Id. at ¶ 11.)

6        On April 4, 2011, pursuant to the PTC directive, plaintiff's Primary Care Provider ("PCP")

7   decided to discontinue plaintiff's Gabapentin prescription.  (Dkt. No. 1 at ¶ 10; Dkt. No. 22 at

8   ¶ 12.)  Plaintiff's PCP first tapered off plaintiff's prescription and then discontinued it entirely.

9   (Dkt. No. 1 at 33-34; Dkt. No. 22 at ¶ 12.)  At the time his prescription was discontinued, plaintiff

10  had been taking Gabapentin for approximately ten years.  (Dkt. No. 1 at ¶ 10.)

11       On April 8, 2011, plaintiff submitted an inmate appeal, requesting that his Gabapentin

12  prescription be continued.  (Dkt. No 1 at ¶ 9 & Ex. A.)  At the First Level Review, plaintiff was

13  interviewed by a nurse who referred the matter to plaintiff's PCP, with whom he had an upcoming

14  appointment.  (Dkt. No. 1 Ex. A; Dkt. No. 22 at ¶ 12.)  Plaintiff was not satisfied with the First

15  Level response, and on May 13, 2011, plaintiff submitted a Second Level Appeal.  (Id.)  As the

16  Chief Medical Officer of CTF, it was defendant's job to respond to said appeal.  (Dkt. No. 22 at

17  ¶ 12.)  On July 6, 2011, defendant denied plaintiff's appeal.  (Dkt. No. 1 Exs. A, B.)  The Second

18  Level Response stated in relevant part:

19  > Your medical file and UHR [Universal Health Record] were
20  > thoroughly reviewed by [defendant].  [Defendant] determined that
      > Gabapentin does not have a good medical indication for treatment of
21  > neuropathy.  Therefore, it was removed for CDCR formulary per
      > Pharmacy and Therapy Committee.

22  > Your request for Gabapentin/Neurontin is denied.

23  (Dkt. No. 1 Ex. B.)

24       In addition to his inmate appeals, between April 12, 2011 and May 20, 2011, plaintiff

25  submitted a series of five or six Health Care Services Request Forms complaining that, since the

26  discontinuation of his Gabapentin prescription, he was experiencing pain, discomfort, and sleeping

27  difficulties.  (Dkt. No. 1 at ¶¶ 11-15 & Ex. D.)  In each case, a reviewing nurse informed plaintiff

28

that his PCP would look into the matter at his upcoming, scheduled appointment.  (Id.)

Plaintiff states that a recent prescription for Nortriptyline has rendered some relief from the pain.  (Dkt. No. 3 at ¶ 8.)  He asserts, however, that Gabapentin "was the only medication that allowed Plaintiff to function free of pain and discomfort."  (Id. ¶ 10.)

## DISCUSSION

### I.    Standard of Review

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See id.

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  Id.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  See id. at 324 (citing Fed. R. Civ. P. 56(e) (amended 2010)).

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with

3

evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. See T.W. Elec. Serv., Inc., v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

A verified complaint may be used as an opposing affidavit under Rule 56, provided it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated, under penalty of perjury, contents were true and correct, and allegations were not based purely on information and belief but rather on personal knowledge). Here, plaintiff's verified complaint is considered in opposition to the motion for summary judgment.

## II.     Analysis

Deliberate indifference to a serious medical need violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104). The "existence of chronic and substantial pain [is an] . . . indication[] that a prisoner has a 'serious' need for medical treatment." Id. at 1060.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

A showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference, see Toguchi v. Chung, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctor chose was medically unacceptable under the circumstances and that he chose this course in conscious disregard of an excessive risk to plaintiff's health. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

The undisputed facts show that defendant's only involvement in the discontinuation of plaintiff's Gabapentin prescription was defendant's July 6, 2011 denial of plaintiff's Second Level Appeal requesting that the prescription be resumed. As discussed, plaintiff alleges the discontinuation of the prescription has caused him to suffer chronic pain in his legs and feet. Although plaintiff's allegation creates a genuine dispute as to whether he has a "serious" medical need, see McGuckin, 974 F.2d at 1060, plaintiff has not come forward with any evidence to show that defendant had the requisite state of mind for a deliberate indifference claim.

Plaintiff asserts that Gabapentin is the "only medication that relieved the excruciating pain

5

and other bodily discomforts that Plaintiff must endure daily." (Dkt. No. 1 at ¶ 17.) Defendant does not dispute that he denied plaintiff's request to continue the Gabapentin prescription. Plaintiff's mere disagreement with defendant's decision, however, does not establish deliberate indifference. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim"). Plaintiff fails to provide evidence that defendant's decision was medically unacceptable or that defendant denied plaintiff Gabapentin in conscious disregard of plaintiff's health.

In support of his motion for summary judgment, defendant has submitted a declaration stating he denied plaintiff's Second Level Appeal in accordance with prison policy. (Dkt. No. 22 at ¶¶ 11, 13.) Plaintiff does not dispute that, under PTC policy, a physician may only prescribe Gabapentin to treat neuropathic pain if other formulary treatment options have failed. Nor does plaintiff dispute that defendant followed PTC policy in denying plaintiff's Second Level Appeal. See Hart v. Celaya, 548 F. Supp. 2d 789, 807 (N.D. Cal. 2008) (finding no deliberate indifference where prison officials treated effects of pepper spray by bringing prisoners outside rather than showering, following prison policy and pepper spray manufacturer recommendation). Further, defendant's decision is supported by the fact that plaintiff's PCP made the initial decision to discontinue plaintiff's prescription of Gabapentin and prescribe another medication.

Finally, in support of his motion for summary judgment, defendant states in his declaration that:

> [T]here is little medical evidence indicating [Gabapentin] is effective in the treatment of neuropathy.
>
> [Defendant] personally conducted a thorough review of [plaintiff's] CDCR medical file and electronic Universal Health Record. In [his] expert medical opinion, Gabapentin does not have a good medical indication for treatment of neuropathy, and that is the primary reason it was removed from the CDCR formulary by the PTC.

(Dkt. No. 22 at ¶¶ 8, 13.)  Plaintiff produces no evidence to dispute this evaluation nor the evidence supporting it.  His claim of chronic pain is based entirely on self-reporting with no support in the record.  Plaintiff does not raise a triable issue of fact with his statements because he does not present any evidence that he has the requisite medical expertise to diagnose himself or to assess treatment options.

Accordingly, there is no genuine factual dispute as to whether defendant was deliberately indifferent to plaintiff's medical needs in violation of the Eighth Amendment.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.

The Clerk shall enter judgment and close the file.

This order terminates Docket No. 20.

**IT IS SO ORDERED**.

Dated: September 22, 2013

_____
JON S. TIGAR
United States District Judge